IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STUART | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-3752 |
| | : | |
| BRIAN COLEMAN, et al. | : | |

## ORDER

AND NOW, this 11th day of August, 2014, upon careful and independent consideration of Petitioner Robert Stuart's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and upon de novo review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey and Stuart's objections thereto, it is ORDERED:

1. Stuart's Objections to the Report and Recommendation (Document 15) are OVERRULED;[1]

---

[1] Stuart brings two claims in his habeas petition. First, he claims the Pennsylvania Supreme Court Prothonotary's refusal to permit him to file a petition for allowance of appeal of the Superior Court's decision to affirm dismissal of his second PCRA petition as untimely violated his due process rights. Stuart's second claim is the trial court lacked jurisdiction to try his case because the bills of information were allegedly never filed. With regard to his first claim, Stuart's complaint regarding the Prothonotary's decision is not a constitutional challenge to his conviction or sentence, and is therefore not cognizable as a stand-alone habeas claim. *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). As discussed below, Stuart's habeas petition is untimely, and the Court will therefore construe his allegations regarding the Prothonotary as asserting grounds for invoking statutory or equitable tolling.

In his objections to the Report and Recommendation, Stuart raises no issues that would cause this Court to disturb Judge Hey's conclusion that the statute of limitations under 28 U.S.C. § 2244(d)(1) bars consideration of Stuart's habeas petition. Having independently reviewed the record, (including the reply brief filed by Stuart after Judge Hey issued her Report and Recommendation) this Court agrees with Judge Hey's conclusion that equitable tolling does not apply and the statute of limitations period ran on March 10, 2010, making Stuart's June 15, 2013, habeas petition more than three years late. Stuart raises several objections to the Report and Recommendation, and those related to the statute of limitations issue are addressed below.

Stuart objects to what he perceives to be the Magistrate Judge's "rigid application of the AEDPA." Pet'r's Objection 2. He first argues he should not be punished for failing to file a

timely federal habeas petition because he had to exhaust his state remedies, and could not have brought a federal habeas petition until after he had done so. *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). According to Stuart, because the Pennsylvania Supreme Court's Prothonotary failed to properly file his petition for allowance of appeal of his second PCRA petition, he was disabled from fulfilling his responsibility to exhaust his claims in the state courts. As Judge Hey explained, however, Stuart could have filed a protective habeas petition while pursuing his state court remedies, particularly because there was reason to believe his second PCRA petition was vulnerable to a timeliness dismissal. *See Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."); *see also Heleva v. Brooks*, 581 F.3d 187, 190-92 (3d Cir. 2009) (discussing the practice of filing "protective" habeas petitions in the Third Circuit). In addition, review by the Pennsylvania Supreme Court is not necessary to exhaust a claim, and the Prothonotary's failure to accept Stuart's petition for allowance of appeal therefore had no effect on whether or not his claims were exhausted. *See Wenger v. Frank*, 266 F.3d 218, 225 (3d Cir. 2001).

Stuart also disputes the state court's conclusion that the second PCRA petition he filed was untimely, but when considering whether statutory tolling applies, this Court cannot review the state court's timeliness decision. As Judge Hey recognized, "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414. In these circumstances, no basis for statutory tolling exists. Stuart also seeks an evidentiary hearing to challenge the state court determination that his second PCRA petition was untimely filed. *See* Pet'r's Objection 6 ("Without a fact finding process through a hearing, it is not a fact that Petitioner is untimely, only an untruth by the PCRA, Pa. Superior, and Pa. Supreme Courts, and an assumption by the Federal Court."). The Court construes his objection as arguing he is entitled to a hearing to determine whether equitable tolling should apply to excuse the delay associated with his second PCRA petition. *See Pace*, 544 U.S. at 418 ("We now turn to petitioner's argument that he is entitled to *equitable* tolling for the time during which his untimely PCRA petition was pending in the state courts."). When a petition is barred by the statute of limitations, an evidentiary hearing is only required if the petitioner sufficiently alleges he was diligent in pursuing his claims and he was prevented in some extraordinary way from filing a timely petition. *See Robinson v. Johnson,* 313 F.3d 128, 143 (3d Cir. 2002); *Alicia v. Karestes,* 389 F. App'x 118, 122 (3d Cir. 2010).

An evidentiary hearing is not warranted in this case because it is apparent Stuart was not diligent in filing his federal habeas petition nor was he prevented by extraordinary circumstances from filing the petition in a timely manner. As noted above, Stuart could have filed his habeas petition within the limitations period to preserve his claim before he filed his second PCRA petition. The Prothonotary's alleged failure to properly file Stuart's petition for allowance of appeal is immaterial to the equitable tolling analysis because this did not occur until November 2012, after the limitations period had already expired. Because Stuart has not shown the requisite diligence or the existence of extraordinary obstacles preventing assertion of his rights, an evidentiary hearing on his timeliness is unnecessary.

2. The Report and Recommendation (Document 12) is APPROVED and ADOPTED;

3. Stuart's petition for writ of habeas corpus (Document 1) is DENIED;

4. There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability; and

5. The Clerk of Court is DIRECTED to mark this case CLOSED.

                                  BY THE COURT:

                                  /s/ Juan R. Sánchez
                                  Juan R. Sánchez, J.

---

Having found Stuart's petition is barred by the statute of limitations, this Court need not consider Stuart's objections regarding the trial court's alleged lack of jurisdiction.